UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |
|---|---|
| In re: )<br>)<br>JOEL D. SEGER )<br>CHRISTINE C. SEGER )<br>)<br>Debtors. ) | Chapter 13<br>Case No. 10-42776-MSH |

**MEMORANDUM OF DECISION ON CHAPTER 13 TRUSTEE'S CERTIFICATE OF NONCOMPLIANCE**

The matter before me raises questions about the extent to which Chapter 13 debtors who engage in business must comply with administrative obligations imposed upon trustees. Specifically, the standing Chapter 13 trustee of this division asserts that, like a trustee, the business debtors in this case must maintain their checking account in one of the financial institutions designated by the United States Trustee as an approved depository for bankruptcy funds. The debtors, who own and operate a dance academy in Holden, Massachusetts, have opened a checking account in the Leominster Credit Union ("LCU"), (federally insured by the National Credit Union Association but not a U.S. Trustee-approved depository),[1] in the name of "CCS Dance Academy, Debtor In Possession, Christine C. Seger, Joel D. Seger." In justifying their choice the debtors observe that they have a long relationship with LCU and that the only bank on the U.S. Trustee-approved list near their home and business is Bank of America whose fees for maintaining a debtor-in-possession checking account are higher than those of LCU. Unmoved, the Chapter 13

---

[1] I take judicial notice of this fact pursuant to Fed. R. Evid. 201(b) which provides "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." LCU's letter regarding the debtors' account, which the debtors' counsel offered without objection at the hearing, is on LCU's letterhead and bears the notation "Federally Insured by NCUA."

trustee has filed a Certificate of Noncompliance and requested dismissal of this case. Because I find that there is no obligation imposed upon Chapter 13 business debtors to maintain operating accounts exclusively in U.S. Trustee- approved depositories, I must deny the Chapter 13 trustee's request.

The primary statutory source governing investments and deposits of bankruptcy estate funds is Bankruptcy Code § 345, 11 U.S.C. § 345.  Section 345(a) requires a bankruptcy trustee to deposit or invest estate money so as to maximize the estate's return, taking into account the safety of the deposit or investment.  Section 345(b) requires either that (i) the deposit or investment be insured or guaranteed by the United States, one of its departments, agencies or instrumentalities, or otherwise backed by the full faith and credit of the federal government, or that (ii) the trustee require the depository or investment entity to post a bond, secured by the undertaking of a corporate surety approved by the United States Trustee in favor of the United States or to deposit certain specified securities to ensure its ability to repay the deposit or investment obligation.  For a depository whose deposits are not backed in some manner by the federal government, § 345(b) also requires such depository to provide a proper accounting for the deposits or investments and any income earned thereon.  Finally, § 345(b) allows the court for cause to waive the requirements of the section.

Bankruptcy Code § 345 applies to trustees only, meaning Chapter 7 and Chapter 11 private trustees, Chapter 13 standing trustees, and Chapter 11 debtors-in-possession, but not Chapter 13 debtors.  Unlike Chapter 11 debtors-in-possession who are invested under Bankruptcy Code § 1107 with virtually all the rights, powers and duties of a trustee, a Chapter 13 debtor's trustee-like powers and duties are far more circumscribed. The definitive treatise on Chapter 13

2

bankruptcy elaborates:

> It has been said that a Chapter 13 debtor operates the business much like a Chapter 11 debtor-in-possession. Unfortunately, the Code is not constructed exactly that way. In a Chapter 11 case, 11 U.S.C. § 1107(a) grants a debtor-in-possession the powers and duties of a trustee. With some limitations, the debtor in a Chapter 12 case is empowered much the same as the debtor-in-possession in a Chapter 11 case. Because many powers and duties in Chapters 3 and 5 of the Bankruptcy Code are worded in terms of "the trustee," this substitution gives a debtor-in-possession in a Chapter 11 case and the debtor in a Chapter 12 case broad powers.
>
> There is no analogue to § 1107 or to § 1203 in Chapter 13. A Chapter 13 debtor engaged in business is authorized by § 1304(b) to "operate the business of the debtor" and to use the powers in §§ 363(c) and 364. The many powers of a trustee under other chapters are no more available to a Chapter 13 debtor engaged in business than to an ordinary Chapter 13 debtor.

Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th Edition, § 57.1, at ¶¶ 7-8, Sec. Rev. Apr. 30, 2004, www.Ch13online.com (footnotes omitted).

In addition to being subject to the requirements of Bankruptcy Code § 345, pursuant to 28 U.S.C. § 586(a)(3)(D), trustees are closely supervised by the United States Trustee. To assist regional United States Trustees in carrying out their responsibilities under title 28, the Executive Office of the United States Trustee has promulgated handbooks for Chapter 7, Chapter 11 and Chapter 13 trustees. The Chapter 7 and Chapter 11 handbooks require private trustees (and by extension Chapter 11 debtors-in-possession) and the Chapter 13 handbook requires standing Chapter 13 trustees to use only depositories that have agreed to comply with "the requirements established by the United States Trustee". *See* Handbook for Chapter 7 Trustees at 9-4 (2002 Ed.); Chapter 11 Trustee Handbook at 26 (2004 Ed.); Handbook for Standing Trustees at 9-3 (1998 Ed.). The U.S. Trustee mandates that trustees hold estate funds only in depositories which have agreed to maintain appropriate collateralization of trustee deposits, waive certain service charges, establish certain controls over accounts, and provide the United States Trustee with account

3

information.    The United States Trustee maintains an official list of approved depositories. Nothing in these handbooks appears to require Chapter 13 business debtors to restrict their depository relationships to those banks on the official list.

The Chapter 13 trustee creatively suggests that Bankruptcy Code § 704(a)(8), made applicable to Chapter 13 business debtors by Bankruptcy Code § 1304(c),[2] may be interpreted to require Chapter 13 business debtors to maintain bank accounts only in U.S. Trustee-approved depositories.   Her reasoning is that Bankruptcy Code § 704(a)(8) requires Chapter 7 trustees to, among other things, file with the court and the U.S. Trustee statements of receipts and disbursements.   Because the *Handbook for Chapter 7 Trustees* requires a Chapter 7 trustee to hold estate funds only in an approved depository, it follows, says the Chapter 13 trustee, that the statement of receipts and disbursements as it relates to a chapter 7 estate must reflect transactions arising exclusively from an approved depository.   Therefore, she concludes, because Bankruptcy Code § 1304(c) requires a Chapter 13 business debtor to behave as a Chapter 7 trustee behaves under § 704(a)(8) a statement of receipts and disbursements for a Chapter 13 debtor operating a business must also be derived only from U.S. Trustee-approved depository transactions.

The Chapter 13 trustee's reasoning reflects a kind of *cum hoc ergo propter hoc* false logic by attempting to equate the statement of receipts and disbursements with a bank statement.   While a statement of receipts and disbursements may include receipts and disbursements reflected on a bank statement it will also include all other transactions engaged in by a business debtor or trustee, such as cash and credit card transactions.   In fact, a statement of receipts and disbursements may be required even when there are no financial transactions whatsoever and there is no bank account.

---

[2] The reference to § "704(8)" in § 1304(c) appears to be a typographical error.

4

Therefore, Bankruptcy Code §§ 704(a)(8) and 1304(c), which impose filing requirements on trustees and Chapter 13 business debtors, cannot reasonably or rationally be interpreted to incorporate a requirement regarding the locus of a depository account for funds of a bankruptcy estate.

Further undercutting the Chapter 13 trustee's position is the *Handbook for Chapter 13 Trustees* itself. Chapter 8 of that publication, entitled "Debtors Engaged in Business", nowhere requires the Chapter 13 business debtor to deposit funds in U.S. Trustee-approved depositories. In fact, section E.2 directs Chapter 13 trustees to instruct business debtors to file periodic operating reports and to attach monthly bank statements from the debtors' "bank, credit union, savings or other financial institution." Not only is there no qualifier limiting the depository list to those approved by the U.S. Trustee, the reference to credit unions and other financial institutions actually signifies that Chapter 13 business debtors are free from such a limitation because the U.S. Trustee-sanctioned list includes not a single credit union or non-bank financial institution.

Apart from the statutes and the U.S. Trustee handbooks, the only other authority remotely relevant to the nature of the bank account required to be maintained by a Chapter 13 business debtor is MLBR 13-2(a)(2)(A)(ii) of the local rules of this Court which requires a Chapter 13 debtor engaged in business to submit to the Chapter 13 trustee within seven days after the commencement of the case evidence of the opening of "appropriate debtor-in-possession checking accounts." The Chapter 13 trustee asserts that this local rule requires Chapter 13 business debtors to restrict their banking relationships to U.S. Trustee-approved depositories. Truly, the quoted phrase does not lend itself to an obvious interpretation, especially since the nominalization "debtor-in-possession" applies only to Chapter 11 debtors. S*ee* Bankruptcy Code

5

§ 1101(1).   I do not, however, interpret MLBR 13-2(a)(2)(A)(ii) to restrict a Chapter 13 business debtor's bank account to U.S. Trustee-approved depositories.   Rather, I conclude that the rule concerns itself with the nature of the account not its location and imposes upon a Chapter 13 business debtor, like a debtor-in-possession, the obligation to open a business checking account which identifies the account holder as a debtor and references the case docket number.

This is not to say that the bankruptcy court is powerless if a Chapter 13 business debtor's funds are deposited in an unsafe or unsound financial institution. Bankruptcy Code § 1304(b) permits the court to impose limitations or conditions on the debtor's business operations. Judge Lundin aptly elucidates:

> For example, if the debtor demonstrated poor fiscal control prior to bankruptcy, it might be appropriate for a creditor or the Chapter 13 trustee to ask the court to impose special banking or reporting requirements on the debtor's continued operation of the business.

Lundin § 57.1 at ¶ 9.

The bottom line is this. There is no basis upon which a Chapter 13 business debtor may be required to maintain bank accounts exclusively in U.S. Trustee-approved depositories.   The existing regime of regulation requires merely that a Chapter 13 business debtor maintain at least one checking account in a bank, credit union, savings or other financial institution and that the checks issued on that account include a reference to the account holder as being a debtor and to the docket number of the Chapter 13 case.   The debtors in this case, who have opened their account in a federally insured credit union, are in substantial but not total compliance with these requirements because their account at LCU does not reference the docket number of this case.   In order to avoid the expense (and wasted paper) attendant in requiring the debtors to order new checks the debtors are directed to write or rubber stamp the case docket number upon each check as it is issued.

When new checks are ordered, the debtors shall see to it that the case number is printed on the checks.

    A separate order shall issue.


Dated: January 24, 2011                By the Court,

_____
Melvin S. Hoffman
U.S. Bankruptcy Judge